UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARISKNIGHT ARKIN-EVERETT WINFREE,

    Defendant.

_____/

Case No. 1:23-CR-15

Hon. Hala J. Jarbou
Chief United States District Judge

**BRIEF OF THE PARTIES IN SUPPORT OF
JOINT MOTION FOR CRIMINAL RESPONSIBILITY EXAMINATION**

**A.    Defense Proffered Information Regarding Factual and Procedural Background**

In January of this year, Defendant Arisknight Winfree was charged by criminal complaint and ordered detained pending trial. The Court appointed Assistant Federal Public Defender Helen Nieuwenhuis to represent him. On February 14, 2023, a Grand Jury sitting in the Western District of Michigan returned an indictment charging Mr. Winfree with, *inter alia*, kidnapping, coercion & enticement, and sexual exploitation of a minor. On April 13, 2024, after discovering a potential conflict of interest, Ms. Nieuwenhuis filed a motion to withdraw from Mr. Winfree's case, which this Court granted. On April 20, 2023, this Court appointed Attorney Heath Lynch to represent Mr. Winfree.

Attorney Lynch and his staff have worked diligently to review the government's evidence and identify potential defenses for Mr. Winfree. After receiving and reviewing

the extensive discovery in this case – a significant portion of which may not be duplicated or even produced to the defense due to its sensitive nature – Attorney Lynch met on numerous occasions with Mr. Winfree at the Newaygo County Jail to discuss his background and the allegations. Attorney Lynch also interviewed members of Mr. Winfree's family to gain a more thorough understanding of Mr. Winfree's personal background, upbringing, and mental health history.

In late May, undersigned counsel met in person to discuss the allegations, the evidence, and unique circumstances surrounding the case. Counsel discussed the subject of Mr. Winfree's mental health. Following those discussions, Attorney Lynch and his staff obtained information from Mr. Winfree's family indicating that Mr. Winfree may have been suffering from a mental health crisis, specifically bipolar psychosis, that rendered him unable to comprehend reality at the time the charges were committed. Attorney Lynch and his staff have met and spoken personally with Mr. Winfree on multiple occasions since being appointed and are concerned that some of the symptoms Mr. Winfree described were those of mania. While in custody, Mr. Winfree sought mental health treatment to help control the manic symptoms he was experiencing and was diagnosed with Bipolar I disorder (BD-I) and prescribed Depakote 500mg, which he takes every morning and every evening.

Following its review of information acquired and recent interviews of Mr. Winfree, the defense notified the government of its intention to raise the defense of "not guilty by reason of insanity." The parties agree that the statutory framework set forth in 18 U.S.C. § 4242 and Fed. R. Crim. P. 12.2 applies.

**B.     The Parties' Request for Psychiatric and/or Psychological Examination**

Under Fed. R. Crim. P. 12.2, a defendant who intends to assert a defense of insanity at the time of the alleged offense must notify an attorney for the government in writing. *See* Fed. R. Crim. P. 12.2(a). Where, as here, such notice is filed by the defense, the Court, upon motion by the government, must order the defendant to be examined pursuant to 18 U.S.C. § 4242. *See* Fed. R. Crim. P. 12.2(c)(1)(B). Under 18 U.S.C. § 4242, the Court "shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)."

A psychological examination must be conducted by a licensed or certified psychiatrist or psychologist, as "designated by the Court." 18 U.S.C. § 4247(b). The Court is permitted, but not required, to order the person committed to a suitable facility for purposes of examination. A "suitable facility" is defined as "a facility that is suitable to provide care or treatment given the nature of the offense and the characteristics of the defendant." 18 U.S.C. § 4247(a)(2). "Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court." 18 U.S.C. § 4247(b).

**C.     Conclusion**

For the reasons set forth above, the parties jointly request that the Court order a psychiatric or psychological evaluation of Defendant Arisknight Winfree and, after the examination has taken place and a report of findings received, that a hearing on the issue of criminal insanity/responsibility be held.

|                        | Respectfully submitted,                       |
|------------------------|-----------------------------------------------|

Dated: July 7, 2023

*/s/ Heath M. Lynch*
Heath M. Lynch
Attorney for Defendant
SBBL Law, PLLC
60 Monroe Center NW, Suite 500
Grand Rapids, MI 49503
(616) 458-5500


*/s/ Davin M. Reust (with permission)*
Davin M. Reust
Assistant U.S. Attorney
330 Ionia Ave, NW
P.O. box 208
Grand Rapids, MI 49501-0208
(616) 456-2404