UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - -

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARISKNIGHT ARKIN-EVERETT WINFREE,

    Defendant.

_____/

Case No. 1:23-CR-15

Hon. Hala Y. Jarbou
Chief United States District Judge

## DEFENDANT ARISKNIGHT WINFREE'S SENTENCING MEMORANDUM

On October 7, 2024, this Court will sentence Defendant Arisknight Winfree following his *nolo contendere* pleas to counts one through five of the indictment. U.S. Probation calculated Mr. Winfree's total offense level to be 46 (capped at 43 under the guidelines) and assigned him a criminal history category I, resulting in an advisory guidelines range of life in prison.

Following his review of the initial presentence investigation report, Mr. Winfree lodged objections to the initial PSR, specifically, to the enhancements for "custody, care or supervisory control of the victim" (USSG § 2A3.1(b)(3)(A)) and "repeat and dangerous sex offender against minors" (USSG § 4B1.5(b)(1)). Mr. Winfree also objected to an extensive recitation of facts relating to law enforcement's investigation of conduct for which Mr. Winfree was never charged, and which Mr. Winfree believed was both excessive and unduly prejudicial to him.

The parties held an objections meeting, after which U.S. Probation submitted the final PSR and clarified its respective positions regarding the proposed enhancements. At this time Mr. Winfree respectfully withdraws his objection to the enhancement for "repeat and dangerous sex offender against minors," because the guideline provision at issue is clear that the amount of time between illicit acts against minors is not material to the analysis and, further, that evidence of at least three such acts exists. Further, Mr. Winfree respectfully withdraws his objection to the inclusion of relevant but uncharged conduct investigated by law enforcement because, as the final PSR points out, under 18 U.S.C. § 3661, "[n]o limitation shall be placed" on information concerning Mr. Winfree's background, character and conduct as the Court considers an appropriate sanction.

Mr. Winfree maintains his objection to the "care and custody" enhancement USSG under § 2A3.1(b)(3)(A) for the reasons set forth below.

## ARGUMENT

Under U.S.S.G. § 2A3.1(b)(3)(A), the Court is to increase a defendant's offense level by two levels "if the victim was (A) in the custody, care, or supervisory control of the defendant; or (B) a person held in the custody of a correctional facility…." The PSR correctly states that the section is to be "construed broadly," and that it "includes offenses *involving a victim less than 18 years of age* entrusted to the defendant, whether temporarily or permanently." *See* U.S.S.G. § 2A3.1, cmt n. 3(A) (emphasis added).

Here, the PSR relies heavily on the guideline comment that the section is to be "construed broadly" and a single case from the Fifth Circuit Court of Appeals. But both the PSR and the case referenced ignore that the guideline commentary makes multiple

2

references to minors ("involving a victim *less than 18 years of age*," and "the court should look at the actual relationship that existed between the defendant *and the minor*…"), and professions that involve caring for minors. A more reasonable reading of the provision would limit its application to minors, or at least to limited adults (such as the disabled or cognitively impaired) who are inherently and necessarily dependent on other adults, and whose dependency makes them more vulnerable to sex offenders.

In sum, the Court should decline to penalize Mr. Winfree under the "care and custody" provision, for committing crimes against able-bodied adults. If the Court sustains the objection, however, Mr. Winfree's guidelines will remain life in prison.

Respectfully submitted,

Dated: September 23, 2024

*/s/ Heath M. Lynch*
HEATH M. LYNCH
SBBL LAW, PLLC
60 Monroe Center NW, Suite 500
Grand Rapids, MI 49503